**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Evans,<br><br>   Petitioner,<br><br>v.<br><br>David Shinn,<br><br>   Respondent. | No. CV-20-08291-PCT-DLR (MTM)<br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michael T. Morrissey (Doc. 15) regarding Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 4). The R&R recommends that the Amended Petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. Petitioner filed an objection to the R&R on July 6, 2021 (Doc. 16) and Respondents filed their response on July 20, 2021 (Doc. 17).

Petitioner's Amended Petition presents two grounds for relief. First, he claims the state court violated his Fifth and Fourteenth Amendment rights by refusing to allow him to proceed with an untimely petition for post-conviction relief ("PCR"). Second, he alleges the state court violated his Sixth Amendment rights by failing to appoint counsel to represent him in his PCR.

The Court has considered the objections and reviewed the R&R de novo. *See* Fed.

R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The R&R recommends that the Amended Petition be denied because it is untimely. Petitioner's objection argues that he, "an 80-year-old man who has never been in trouble before, trusted the jail staff and Inmate Legal Services, would provide me the correct form." (Doc. 16 at 1.) The Court understands that to be an objection to the R&R's determination that he was not entitled to equitable tolling. Petitioner asserts that his failure to file a timely petition was due to jail staff providing him the wrong forms.

## I. Background

The R&R found that the delay in filing the notice of PCR was caused by Petitioner. At his change of pela, the court advised him that, because he had pled guilty and waived his right of direct appeal to the Arizona Court of Appeals, the only review of his conviction available was through a PCR with the trial court. (Doc. 14 at 16-17.) At sentencing, Petitioner signed a form entitled "Notice of Rights of Review After Conviction and Right to Set Aside Conviction." (*Id.* at 25-26.) That notice provided him with the same information as provided during his change of plea; that he had no right to a direct appeal and his only review was by a PCR with the trial court.

Despite those warnings, Petitioner filed a notice of appeal to pursue a direct appeal to the Arizona Court of Appeals. After wasting time pursuing a direct appeal, Petitioner eventually recognized the mistake. By then, though, the time to file a PCR had expired. Petitioner requested authorization from the PCR court to file a delayed PCR. The PCR court denied that request stating:

> The defendant's failure to file a timely notice of post-conviction relief was his own fault. The defendant ignored the admonishment of the Court at the change of plea hearing. The defendant requested the wrong form from the jail. The jail staff apparently provided the defendant the form he requested. The defendant ignored the dismissal of the appeal by the Court of Appeals.

(Doc. 11-1 at 33.)

Petitioner appealed the PCR dismissal to the Arizona Court of Appeals, arguing that the PCR court abused its discretion by not permitting him to file a late notice of PCR.

(Doc. 11-1 at 35.) The Arizona Court of Appeals denied relief, finding that the PCR court did not abuse its discretion. (Doc. 11-1 at 66-7.)

## II.     Statute of Limitations

Petitions for habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes a one-year limitation period for the filing of a habeas petition "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner pled guilty, his PCR proceeding in Arizona is considered "of-right" rather than collateral review. Therefore, the statute of limitations started to run at the conclusion of his PCR proceedings or, in his case, at the expiration of the time for seeking PCR review.

## III.    Petitioner's Timeline

Petitioner was sentenced on June 14, 2019. The state PCR Notice must be filed within 90 days of sentencing. In Petitioner's case, that would have been September 11, 2019. He did not file his PCR Notice until February 21, 2020. Because he did not file a timely PCR, Petitioner did not receive the benefit of statutory tolling. Therefore, Petitioner's statute of limitations under the AEDPA expired on September 12, 2020. His habeas petition was filed on November 6, 2020, after the limitations period expired.

## IV.    Equitable Tolling

Equitable tolling of the AEDPA's limitations period is available to petitioners who can show both that an extraordinary circumstance prevented him from filing on time and that he has diligently pursued his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010).

The PCR court and the R&R faulted Petitioner for failing to obtain the correct forms and file the correct appeal. They also found that, even though Petitioner started with the wrong appeal, he still had plenty of time to file his PCR Notice within the time allowed by the Arizona Rules of Criminal Procedure after the Arizona Court of Appeals dismissed his case. However, Petitioner inexplicitly waited until that deadline had long passed to file his PCR Notice.

The R&R correctly determined that Petitioner failed to establish either of the required elements for equitable tolling. He has not shown that an extraordinary circumstance prevented him from filing a timely PCR Notice or that he diligently pursued his rights.

## V. Actual Innocence

Petitioner's objection alleges, for the first time, that he is not guilty. If a freestanding claim of actual innocence is legally cognizable in habeas proceedings, the threshold "would have to be 'extraordinarily high'" and "contemplates a stronger showing than insufficiency of the evidence to convict." *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (quoting *Herrera v. Collins*, 506 U.S. 390, 417 (1993)). Petitioner's one-line assertion that he is "NOT guilty" (Doc. 16 at 1) is not the kind of strong showing that would be necessary to support a free-standing actual innocence claim.

**IT IS ORDERED** as follows:

1. Petitioner's Objection (Doc. 16) is **OVERRULED**.
2. The R&R (Doc. 15) is **ACCEPTED**.
3. Petitioner's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 4) is **DISMISSED** with prejudice.
4. Finding Petitioner's Request for Final Ruling on Habeas Corpus (Doc. 18) moot.
5. A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the dismissal of the Amended Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.
6. The Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 15th day of December, 2021.

Douglas L. Rayes
United States District Judge